## SUCCESSION OF D. W. COXE.

Actual dispossession is not always required in order to constitute an eviction. A purchaser may be evicted, although he continues in possession of the property, if that possession be under a different title ; as, for instance, if the vendee should subsequently hold under the true owner, either by inheritance or otherwise.

These principles are not applicable to the case of purchasers under the " Maison Rouge Grant," who have availed themselves of the Act of Congress passed for their relief, and have acquired the superior title of the United States. Such purchasers cannot be considered as having been evicted by the superior title of the United States, and have not the right to demand a repetition of the amounts paid by them on their purchases, from a party holding title under the grant. The title from the government must be considered as enuring to the benefit of their vendor, in aid and completion of the imperfect title transferred by him, on payment of the entrance money, and legal interest thereon, from the date of the receiver's receipts.

APPEAL from the District Court of the Parish of Caldwell, *Mayo*, J.
    *John T. Ludeling*, for *Handy, Faulk* and *Felhiol*, opposing creditors and appellants. *I. Garrett*, for the heirs and legatees of *D. W. Coxe*. *Wade H. Hough*, for absent heirs.

VOORHIES, J. The appellants purchased their respective tracts of land from *Daniel W. Coxe*, deceased, whose title, as derived by mesne conveyances, was based upon the grant to the *Marquis de Maison Rouge*.

The Supreme Court of the United States, in a case in which *Daniel W. Coxe* was a party, decided that the De Maison Rouge claim, or title, was null and void, and that the land in question belonged to the United States, by virtue of the treaty of cession of Louisiana. Vide 3 Howard 773, *The United States* v. *Richard King and Daniel W. Coxe ;* 7 Howard 833, same case.

During the pendency of this suit, Congress passed an Act for the relief of purchasers under the Maison Rouge grant, in case of the final adjudication of the title in favor of the United States. (9 U. S. Stat. at large, 565.) The appellants availed themselves of the provisions of this Act; they entered their respective tracts of land, by virtue of the right of preëmption, given to them by the above mentioned Act of Congress, of the 27th of January, 1851. This Act provides that, in the event of a final adjudication of the suit in favor of the United States on the Maison Rouge grant, every person, his heirs or assigns, who have prior to the 1st of March, 1849, *purchased land in good faith and for a valuable consideration from Daniel W. Coxe, or other persons holding titles under the said Maison Rouge grant,* and who have improved and .cultivated the land so purchased, or any part of it, shall be, and they are hereby *authorized to enter* with the register of the land office, for the district in which said lands may be situated, as nearly as practicable by legal subdivisions, *the whole or any portion of the tract so purchased,* to include the residence and improvements, upon paying to the United States the minimum price of public lands.

It is admitted that the appellants remained in possession of the lands, which they had purchased from D. W. Coxe, since the date of the transfer up to the present time, and that they have in the meantime obtained titles from the Government by availing themselves of the Act of Congress above recited.

The question submitted for our consideration is, whether the appellants have been evicted by the superior title of the United States; and, if so, whether they are not entitled to demand a repetition of the amounts which they have paid on the purchase from *Daniel W. Coxe.*

It is well settled doctrine that actual dispossession is not always required in order to constitute an eviction. A purchaser may be evicted, although he continues in possession of the property, if that possession be under a different title; as, for instance, if the vendee should subsequently hold under the true owner, either by right of inheritance or otherwise. Eviction, as defined by the code, " is the loss suffered by the buyer of the totality of the thing sold, or of a part thereof, occasioned by the right or claims of a third person." C. C. 2476; 1 R. 362, *Auguste Landry* v. *Honoré Felix Garnet;* 11 R. 397, *Isaac Thomas et als.* v. *Elizabeth Clemens et als;* 13 An. 390, *Moses H. Butler* v. *James T. Watts.*

The case under consideration does not seem to be contemplated by the above quoted authorities, as will appear by reference to the facts. It is true, that the appellants have acquired the superior title of the United States; but they were enabled to do so upon the express condition that they had purchased the lands from *Daniel W. Coxe,* in good faith and for a valuable consideration. That was the inducement that led Congress to confer upon them the extraordinary privileges granted by the Act of 1851. These purchasers cannot be allowed to avail themselves of the benefit of this Act, and then repudiate the contract which enabled them to obtain relief. Had *Daniel W. Coxe* entered these lands, the title would have enured to the appellants' benefit; and as it was through the titles, which he had transferred to them, that they were enabled to become the real owners of their respective tracts, there is no reason in law, and still less in equity, why these titles should be treated now as absolute nullities. It was as purchasers from *Daniel W. Coxe*—and purchasers in good faith and for a valuable consideration— that the appellants acquired the superior title of the United States; and, had it not been for the transfer from *Daniel W. Coxe* to them, they could not have acquired the ownership of these lands.

SUCCESSION OF
COXE.

We concur with our learned brother of the district court, who has favored us with an elaborate opinion in this case, that : " The Act of Congress for the relief of persons holding under the Maison Rouge grant, was, no doubt, based on the good faith of the settlers, and on the supposition that they had paid the price for which they had purchased the lands. This seems to be the only reasonable mode of accounting for the distinction made in the Act between these settlers and ordinary preëmptors. Under all the circumstances, the title from the Government must be considered as enuring to the benefit of *Coxe*, in aid and completion of the imperfect title transferred by him, on payment of the entrance money, and legal interest thereon from the date of the receiver's receipts. Of this judgment the purchasers will have no right to complain, for the reason that its effect is to place them in the same position as though they had derived a perfect title from *Coxe*.''

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.