## J. C. ZUNTS *v.* MRS. COURCELLE et al.

*The title acquired by the vendor of property subsequent to the time of the divestiture of his interest inures to the benefit of his vendee.*

*A sale of property without registry is binding upon those claiming as donees under a subsequent act of donation by the vendor.*

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *Collins & Wooldridge,* for plaintiff and appellant. *H. D. Ogden,* for defendants.

VOORHIES, J. The object of this suit is to ascertain if the defendants have any title to a portion of the property purchased by the plaintiff at Sheriff sale, on execution against *Mrs. Sidonia Moussier,* and *Miss Emma Cornen;* and if they have such titles, to procure a partition.

I. It is conceded that, at one time *Mrs. Coolidge* and *Mrs. Courcelle* were part

owners as heirs of *Jean Marie Cornen* deceased, and of his deceased wife *Marie G. Garel*. And by purchase from *Theodore Cornen*, on the 6th June, 1844, they ·acquired an additional interest in this property.

The question presented is, whether this additional interest was divested by the sale of the 12th February, 1846, by which these parties conveyed their rights as follows, to wit : " all the hereditary portions, rights, title and interest, claim and demand of each of them the said *Marie E. G. C. Cornen* and *Marie A. C. L. Cornen*, wife of *Geo. E. Coolidge*, and unto them devolving as heirs of the said *Jean M. Cornen* and *Marie G. Garel*, their father and mother ; and further all the right, title and interest, which they have acquired jointly with the above named *Pierre P. Cornen*, *Anne M. E. Cornen* and *Marie J. P. S. Cornen*, wife of *Gustave Moussier*, from *Mistress Marie E. V. Cornen*, wife of *Achille Sigur*, of the Parish of Iberville, *Mistress Marie Gracieuse Cornen*, wife of *Edward Sigur*, of the Parish of St. Mary, *and François Theodore Cornen, of the Parish of Plaquemine*," etc.

*Mrs. Courcelle*, and *Mrs. Coolidge*, therefore, sold the shares, which they owned as heirs of their deceased father and mother, and also the portion which they had purchased from *François Theodore Cornen*. These parties, it is true, perfected their titles from the latter, only two years after the sale or project of the sale from which we have made the above quotation. But, having parted with their interests, the title, which they subsequently procured, inured to the benefit of their vendee.

II. The children of *Mrs. Moussier* claim by virtue of donations from *Mrs. Achille Sigur*, and of *Mrs. Edward Sigur*. On the 28th March, 1846, *Mrs. Achille Sigur* sold her interest to *Pierre Paul Cornen*, *Miss Emma Cornen* and *Mrs. Moussier*. The assignment purports to have been made for and in consideration of the sum of $350, which she acknowledged to have received in a promissory note subscribed by the said purchasers. This act was not signed by one of the vendees, *Miss Emma Cornen;* nor did she sign the note, which, it appears, remained some indefinite time in the hands of the notary.

This act was not recorded ; whilst the subsequent donation of *Mrs. Sigur* to the minors, was admitted to registry.

It does not appear that the note of $350 was ever delivered to *Mrs. Sigur*, nor that she ever received from either of the parties its amount. But, as regards two of the vendees, the sale was complete, and, with or without registry, is as binding upon the donees as upon the donor. *Aliter* as to *bona fide* purchasers and creditors. C. C. 2242, 2417, 2431.

*Miss Emma Cornen* never made herself a party to this sale or transfer, either by paying, or offering to pay, the price, or by any written stipulation *aliunde*. True she subsequently joined in mortgaging the property ; but she did not, however, encumber specifically the share or interest in question. But this is not a question of confirmation or ratification ; for *Miss Emma Cornen* having been no party to the contract of sale, there was, as to her, no contract at all to ratify or confirm. C. C. 2252.

The one third of the share of *Mrs. Achille Sigur* was never divested, and that portion passed to the donees by the act of donation.

Nor has the interest acquired by donation from *Mrs. Edward Sigur* ever been divested.

It is contended for by the plaintiff, that the owners have by their acts and

ZUNTS
*v.*
COURCELLE.

silence been instrumental in deceiving him as to the non existence of any title in them. An answer to this is that minors cannot be so estopped.

It is, therefore, ordered and decreed, that the judgment of the District Court, as regards Mrs. Coolidge and Mrs. Courcelle, be affirmed with costs.

It is further decreed, that the said judgment be reversed as regards the heirs and children of Gustave Moussier and Marie P. Sidonia Moussier, who are hereby recognized to be the owners of the property in question, in the following proportions, to wit: one third of one forty-eighth part thereof, being the share of Mrs. Achille Sigur,—and also one forty-eighth portion, being the share of Mrs. Edward Sigur.

And it is further decreed, that this case be remanded for a partition, the plaintiff and appellee paying the costs of appeal.

' LAND, J. absent.