On Application for Rehearing.
Blanchard, J.
The judgment appealed from rejected the demand of the plaintiff to be decreed the owner of the lands described in its petition. On appeal here by plaintiff this judgment was found to be correct and the decree of this court affirmed the same.
No application for rehearing has been filed on behalf of the plaintiff, who, so far as we are advised, acquiesces in the judgment of this court. But defendants apply for a rehearing complaining- that whereas in their answer to the appeal they had asked that the judgment of the District Court be. amended so as to decree the validity of the tax title under which they hold, the court had not passed upon the same.
They, therefore, pray that the opinion and decree of the court be so revised and amended as to pass upon the demand aforesaid and to sustain the same and to adjudicate the validity of the title set up by them.
This, we think, -jhey are entitled-to.
In their answer filed in the District Court we find that defendants, after praying for thp rejection of the demand of the plaintiff, further prayed that the property described in plaintiff’s petition be decreed to have been subject to taxation for the year 1889 — being the year for which the same was sold for taxes — and that they (defendants), having purchased at said sale, acquired the ownership of the lands. And they asked to be quieted in their possession as owners. The District Court not having- passed specifically upon the demand of ownership set up by defendants, the latter, in their amended answer to the appeal, did pray this court, in deciding the case, to decree that the, property in contestation was acquired by them agreeably to the provisions of the revenue law of the State, to-wit: Act No. 85 of the Acts of Louisiana for the year 1888, and to the provisions of the act of Congress entitled “An Act to provide for taxation of railroad-grant lands and for other purposes”, approved July 10, 1886 (Chapter 764, p. 143, Vol. 24, U. S. Statutes at Large), and that they hold same by a just and valid title.
The identical property assessed to plaintiff company in 1889 — for the taxes of- which year the same was sold and purchased by defendants— had been assessed to it in the preceding year, 1888, and the agent of the *1753 company paid the taxes of the latter year without protest, took the tax collector’s receipt and caused the inscription of the tax lien to be erased from the records of the parish of Winn.
Assessed again the following year, plaintiff company failed to pay the taxes due under the assessment and proceedings were taken to enforce payment by sale, resulting in the adjudication of the lands to the defendants.
These lands while in the indemnity limits of plaintiff company’s grant had been duly selected (presumably under the direction of the Score! ary of the Interior, as that was the direction of the statute) by plaintiff’s agent in lieu of an equal quantity of land in the place limits of the grant disposed of prior to the passage of the granting act, and these selections had been approved by the local land officials and thereafter the various tracts covered by the selections were withdrawn from sale or homestead entry.
Having thus secured its rights on the lands and placed the same out of reach of the danger of homestead entries, the company, it seems, permitted more than a decade to pass without pressing its claim to a formal approval of the selections by the Secretary of the Interior.
The selections were made in 1883; their approval by the Secretary' — • a mere formal act following the action of the local land officers — in 1895.
During all this time, while holding on to the lands with one hand, the grantee was waiving off the tax assessor and tax collector with the other.
To the homesteader seeking entry on the land it said ‘the land is mine —you cannot have it’; to the tax assessor and collector it said ‘the land is not mine because the Secretary of the Interior has not acted on my selections, no patent has issued, no segregation from the public domain has taken place’.
It seems to us that just such a ease was intended to be met and remedied by Congress when the act approved July 10, 1886, was enacted.
Eor the reasons assigned in the original opinion, the right and claim of the grantee (plaintiff) in and to the lands in question was an assessable asset and subject to taxation by virtue of the provisions of both the State revenue statute of 1888, and the aforesaid act of Congress, and whatever rights the grantee had therein having passed to defendants by the tax adjudication, the latter are entitled to be recognized as owners *1754 thereof and to the benefit of the subsequent perfecting of the title by the approval of the Secretary of the Interior of the selections made and the issuance of the patent covering' the lands selected.
Succession of D. W. Coxe, 15 La. Ann. 514; Crocken vs. Hoag, 25 La Ann. 159; Zuntz vs. Courcelle, 16 La. Ann. 96; C. C. 3144, 3304.
It is, therefore, ordered that the judgment appealed from be amended so as to decree, besides the rejection of the demand of plaintiff with costs, that defendants hold the lands in controversy in this cause by a title, just, valid and sufficient in law, and that they be quieted in (hi' possession and ownership thereof.
It is further ordered, etc.,' that as thus amended the judgment up pealed from be affirmed with costs.
Rehearing denied.